FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS PURSUANT TO GENERAL STATUTES SECTION 17a-112 (e)
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
Appropriate and timely services were provided to the mother by the Department of Children and Families including counseling, case management, transportation assistance, and visitation coordination. The services provided are more fully set forth in the Social Study which has been placed into evidence. The services as described in the Social Study were appropriate and offered on a timely basis. The mother has failed to cooperate with the services offered to her to address her substance abuse problem.
Services were not provided to the father as he has never contacted DCF since their involvement with the family.
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF has made reasonable efforts given the situation and circumstances to reunite the family in accordance with state and federal law. DCF made efforts to try and locate the parents and offered countless services to CT Page 5741-aj the mother to aid her in addressing her substance abuse problem in order to reunite with her child.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent. and the extent to which all parties have fulfilled their obligations under such order.)
Regarding court orders, fulfillment of obligations, expectation and services agreements: The Department, with the approval of the Court, set reasonable and realistic expectations to reunify the family. The court issued written expectations to the mother on October 24, 1999, and subsequently on March 7, 2000. There was only minimal compliance, if any by the mother. The father was never given court ordered expectations as DCF has no knowledge of his whereabouts.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
The child has little if any positive feelings for his mother, but appears bonded with and has a significant emotional ties with his current foster parents, with whom he has lived since January, 2000. He has negative memories of his mother because she has not called or visited with him. He has no feelings for his father who he has never known.
5. (Finding regarding the age of the child.)
Jayshawn is five years old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to: (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
These parents have made little effort to adjust their circumstances to permit their child to safely return to their care; they have failed to CT Page 5741-ak maintain contact with their child or with DCF. The mother has not had any contact with DCF since June, 2000, and the father has never contacted
DCF.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the respondent the father and the mother from maintaining a meaningful relationship with their child. There is no evidence that the parents' economic circumstances prevented a meaningful relationship from being maintained. In fact, the petitioner has encouraged the mother to maintain a meaningful relationship with their child.
The court having considered all statutory considerations and having found by clear and convincing evidence that grounds exist for termination of parental rights, further finds upon all of the facts and circumstances presented, that it is in the children's best interest to terminate the parental rights of Angie S. and Wilfredo M. Accordingly, it is ordered that their parental rights to the child are hereby terminated.
It is further ordered that the Commissioner of Department of Children and Families is hereby appointed the statutory parent for the purpose of securing an adoptive family or other permanent placement for said child and that the Commissioner shall file with the court, no later than thirty (30) days following the date of judgement, a written report toward such permanent placement and file such further reports as are required by state and federal law. However, there was discussion at the trial that DCF may be looking to a great aunt as a permanent placement for Jayshawn, the aunt residing to Puerto Rico. Prior to any placement with the aunt, DCF is ordered to have an in court review so that the child's attorney may address any concerns he has regarding this placement as it relates to the best interests of the child.
SWIENTON, J.